STATE OF MAINE                                                      SUPERIOR COURT

PENOBSCOT, SS:                                            CIVIL ACTION

DOCKET NO. RE-10-003

|  |  |  |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | **JUDGMENT OF FORECLOSURE AND** |
| BRENDA S. ST. LOUIS, | ) | **SALE** |
| | ) | |
| Defendant | ) | 125 Middle River Rd., Greenbush, Maine |
| | ) | |
| and | ) | Mortgage Recorded in Book 6785, Page 100 |
| | ) | |
| BANKERS TRUST COMPANY OF | ) | |
| CALIFORNIA, N.A., | ) | |
| | ) | |
| Party-in-Interest | ) | |

Upon Motion for Summary Judgment filed by Plaintiff in connection with its Complaint for Foreclosure by Civil Action and in consideration of the pleadings, affidavits, admissions and/or deemed admissions of record, it appearing that there is no genuine issue as to any material fact, Plaintiff is entitled to judgment on its Complaint. The Court finds as follows:

1.      Defendant has breached the conditions of Plaintiff's mortgage originally in favor of Small Business Administration and recorded in Penobscot County Registry of Deeds in Book 6785, Page 100. Said Mortgage is amended by Amendment to Mortgage and Statement of Additional Advance, which is recorded in the Penobscot County Registry of Deeds in Book 6848, Page 314. Said Mortgage was assigned to Wachovia Bank, N.A. as Trustee for Bayview Series 2002-D, dated February 16, 2002, and recorded in the Penobscot Registry of Deeds in Book 8551, Page 191. By subsequent Assignment undertaken, Bayview Loan Servicing, LLC has become the holder of said note and mortgage and is entitled to enforcement of the terms thereof. Said Assignment is evidenced by written

assignment, dated December 11, 2009, and recorded in the Penobscot Registry of Deeds in Book 12014, Page 273, entitling Plaintiff to a Judgment of Foreclosure regarding the premises described therein, also as described in attached Exhibit A hereto and incorporated herewith.

2.  As of September 15, 2009, there is due and owing Plaintiff on its said mortgage from Defendant the following:

a.  Principal balance of $11, 838.83;
b.  Accrued interest in the amount of $153.63 at the rate of 3.81% per annum per the subject note;
c.  Per diem interest in the amount of $1.24 at the rate of 3.81% per annum per the subject note;
d.  Anticipated Attorneys fees and expenses of $2,206.60;
e.  Escrow balance in the amount of $1,019.51;
f.  Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage up to and including the date of redemption or sale.

WHEREFORE, it is hereby Ordered and Decreed that a Judgment of Foreclosure and Order of Sale is hereby entered in favor of Plaintiff, against Defendants, their successors, heirs and assigns, and if Defendants do not pay to Plaintiff the amounts adjudged to be due under Plaintiff's mortgage dated June 13, 2008, as set forth in paragraph 1 above, the balance of which is set forth in paragraph 2 above, with interest accruing thereon and costs as set forth in paragraph 2 above within ninety (90) days from the date of entry hereof, then Plaintiff shall sell Defendant's real estate free and clear of all liens and encumbrances pursuant to 14 M.R.S.A. §6321, et seq. It is ordered that Plaintiff cause notice of public sale of the premises to be republished once in each of three (3) successive weeks and shall hold said sale not less than thirty (30) days nor more than (45) days after the first date of that publication, all as according to Title 14 M.R.S.A. §6323 and shall disburse the proceeds of such sale in the following amounts and priorities:

a. The first $15,222.28, plus $1.24 per day after September 15, 2009, plus attorneys' fees, additional late charges, real estate taxes, costs, expenses of sale and amounts advanced to protect the security of Plaintiff's mortgage up to and including the filing of the report of disbursement of foreclosure sale proceeds and any objections thereto, to the Plaintiff, Bayview Loan Servicing, LLC;

b. Any remaining funds to Defendants.

Judgment and execution shall enter and issue against Defendants for any deficiency, provided that the statutory requirements are met. Provided, however, that in the event that Defendants have either currently filed for protection or have been discharged under the provisions of the U.S. Bankruptcy Code then no judgment or execution shall issue against Defendants for any deficiency.

In the event Defendants have not redeemed within the ninety (90) day period as aforesaid and have not vacated the premises, Defendants are ordered to vacate the premises. Plaintiff is granted exclusive possession of the real estate and a Writ of Possession shall issue upon request of Plaintiff, its successors or assigns.

All parties have been properly served and given notice of the proceedings giving rise to this judgment in accordance with the applicable provisions of the Maine Rules of Civil Procedure and if notice has been served or given pursuant to an order of the Court, including service by publication, then that notice has been served or given pursuant to such order.

The names and address of all parties to the action, including counsel of record insofar as they are known to the Court are as follows:

Defendant: Brenda S. St.Louis; 647 Caribou Rd., Apt. 15, Enfield, ME 04493

Party-in-Interest: Bankers Trust Co.; 1761 E. St. Andrews Pl., Santa Ana, CA 92704

Plaintiff: Bayview Loan Servicing, LLC
c/o David E. Stearns, Esq.; P.O. Box 2412, South Portland, ME 04116-2412

As permitted in Rule 54(b)(1) and finding that there is no just reason for delay, this judgment shall be entered as a final judgment as to the claims and parties involved notwithstanding the existence and/or pendency of any other claim(s), counterclaim(s) or cross-claim(s).

Acceptance of partial payment of the Defendants' indebtedness and application to the Defendants' indebtedness of any funds or proceeds, including, without limitation, any insurance proceeds, rents or profits from the property or realization of proceeds from the exercise of rights under Article 9 of the Uniform Commercial Code at any time before or after the date of this

judgment, does not and shall not constitute a waiver of any of Plaintiff's rights in this action or as set forth in this judgment.

Plaintiff's counsel may cause an attested copy of this judgment to be recorded in the Registry of Deeds in the county or counties in which the subject property is located.

The Clerk is specifically directed pursuant to Rule 79(a) of the Maine Rules of Civil Procedure to enter this Order on the civil docket by notation incorporating it by reference.

Dated: _____ _IC /ı|/c_ _____          _____ _Superior Court Justice_ _____
                                        Superior Court Justice
                                        Kirk Studstrup

ENTERED ON: _10/6/10_ _____


## CERTIFICATE BY THE CLERK

I, _____, Clerk of the Penobscot County Superior Court, pursuant to 14 M.R.S.A. §2401 (3)(F) as amended, do hereby certify that the applicable time period for appeal from the above Judgment of Foreclosure and Order of Sale has expired without action.

_____

Name: ST. LOUIS, Brenda S. and CARROLL, Robert L.

Control No. / Loan No: 3052-02028 / DLH 21230440-06

EXHIBIT "A"

A certain lot of land with the buildings thereon, situate in Greenbush, Penobscot County, Maine, bounded and described as follows, to wit:

Beginning on the southeasterly side of the County Road which leads through said Greenbush from Bangor, along the bank of Penobscot River, said point of beginning being the point where said road line is intersected by the south line of river lot numbered thirty one (31), to wit, b y the south line of the premises conveyed to Darius L. Comstock by Lucy J. Harriman and Hiram Harriman by deed dated December 12, 1899, and recorded in Penobscot Registry of Deeds in Book 691, Page 347; thence northeastward by said road line fifty four (54) rods to a stake and stones; thence southeastward twenty six rods to a stake and stones; thence southward thirty six (36) rods to a stake and stones upon the aforesaid south line of lot numbered thirty one (31); thence westward by the last named south line fifty five (55) rods to the point of beginning.

For current title see Deed dated May 28, 1997 and recorded at Book 6411, Page 074.

Premises more commonly known as Middle River Road, Greenbush, Maine 04423.

PENOBSCOT, ss RECEIVED

1998 AUG 18 P 12: 27

*Susan F. Bulay*
REGISTER

Page 5

*Linda Gifford*